## No. 2998

### Second Circuit

## SPENGLER v. DROUET

(June 28, 1927. Opinion and Decree.)

(*Syllabus by the Court*)

1. **Louisiana Digest—Bills and Notes—Par. 184.**
Where a promissory note is placed in the hands of an attorney for collection by the holder, the payment thereof by the maker to such attorney discharges the debt.

2. **Louisiana Digest—Bills and Notes—Par. 183, 185.**
A negotiable instrument is discharged by payment in due course by or on behalf of the principal debtor.

3. **Louisiana Digest—Bills and Notes—Par. 140, 186.**
A promissory note, paid by the maker to the holder in due course or his agent, is thereafter a dead instrument, and its transfer by the holder after the payment gives the transferee no right of action against the maker, where such transferee had full knowledge of the facts.

Appeal from the Ninth Judicial District Court of Louisiana, Parish of Rapides. Hon. R. C. Culpepper, Judge.

Action by S. C. Spengler against Joe O. Drouet.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Gus A. Voltz, of Alexandria, attorney for plaintiff, appellant.

Frank B. Cappel, of Alexandria, attorney for defendant, appellee.

ODOM, J. This is an injunction suit to restrain the sale of an automobile under executory process on the ground that the debt had been paid.

J. O. Drouet, plaintiff in the injunction suit, defendant in the suit under executory process, purchased an automobile and as representing a portion of the price executed a promissory note secured by chat-

tel mortgage on the car. The note went into the hands of the W. H. Jones Investment Company, Inc. When the note fell due, Drouet having failed to pay same, the W. H. Jones Investment Company, Inc., placed it in the hands of its attorneys for collection and the attorneys made demand on Drouet for its payment. Drouet being without funds and apparently without credit, went to Spengler, defendant in the injunction suit, told him that he was about to lose his car on account of not being able to pay the balance due thereon, and appealed to him to assist him in raising funds with which to pay the note. Drouet informed Spengler that he could borrow the money from the Louisiana Title & Mortgage Company provided he would endorse his note. Spengler agreed to endorse Drouet's note for $200.00 and the two went to the office of the Louisiana Title & Mortgage Company where the loan was made to Drouet with Spengler's endorsement. The Louisiana Title & Mortgage Company gave Drouet its check for the proceeds of the loan, the check being made payable to Drouet. Drouet immediately took the check to the attorneys who held the note for collection, endorsed the check and delivered it to them. The attorneys who at that time had possession of the note cashed the check and immediately remitted the proceeds to the W. H. Jones Investment Company, Inc., the owners of the note.

For some reason the attorneys did not mark the note paid and did not deliver it to Drouet, the maker and obligor. Mr. Staples, one of the attorneys, testified that he handled the transaction personally, that it was customary for his firm to mark notes paid when collected by his firm, and

that there was probably some reason for his failing to mark this note paid, but he does not recall what that reason was.

On the same day, but subsequent to the payment of the note by Drouet to the attorneys, Spengler went to the office of the attorneys and prevailed on Staples to deliver the note to him. Spengler then took the note to the office of the W. H. Jones Company, Inc., and had it endorse the same over to him. This was, however, two days after the note had been paid to the attorneys.

Spengler, alleging that he was the holder and owner of said note in due course, brought suit against Drouet, the maker of the note, and had the automobile seized; whereupon Drouet brought this injunction suit, asking that the proceedings be restrained on the ground that the note had been paid in full. There was judgment in favor of the plaintiff in the injunction suit, perpetuating the temporary restraining order which the court had previously issued. The defendant, Spengler, has appealed.

## OPINION

The sole question at issue is whether or not the note sued on had been paid. The lower court held that it had, and we think correctly so. As already stated, the note fell due while in the hands of the W. H. Jones Investment Company, Inc., which concern placed it in the hands of its attorneys for collection. Drouet borrowed the money with which to pay the note and carried the money to the office of the attorneys who held the note for collection and delivered it to them. The fact that he did not have the note surrendered to him, we

think, makes no difference. He was unquestionably entitled to the note when he paid it and could have maintained an action for its possession. None of the above facts are controverted by Spengler, defendant in injunction, but it is his contention that as a condition for his endorsement of Drouet's note and to protect him against loss on account thereof, Drouet agreed to have the automobile note, then held by the W. H. Jones Investment Company, Inc., transferred to him, and that on the date the payment was made by Drouet to Staples, attorney, he went to Staples' office and had Staples to deliver the note to him and that Staples told him to take the note to the W. H. Jones Investment Company, Inc., and have it transferred to him, which he did, and that he is therefore the holder of the note in due course. To corroborate his own testimony that Drouet agreed to have the note transferred to him, Spengler called as witnesses Mr. Cruse and Mr. Freeman, both of whom testified that Drouet told him that the note had been transferred to Spengler. Conceding that what Spengler says about the agreement which he had with Drouet is true, the outstanding fact is that the note was paid by Drouet, the maker and obligor, to the attorney for the W. H. Jones Investment Company, Inc. It is not disputed that the attorneys had authority to collect the note. Therefore, the note having been paid by Drouet under such circumstances, it does not matter what agreement Spengler may have had with Drouet.

Counsel for Spengler, in brief, says that his client is the holder of the note in due course, having acquired the same from the W. H. Jones Investment Company, Inc. It is true that the W. H. Jones Investment Company, Inc., delivered the note to Spengler, having endorsed it to him without recourse. That, however, was done two days after the note had been paid by Drouet to the attorneys and after the W. H. Jones Investment Company, Inc., had received remittance therefor. Spengler, therefore, is not a holder in due course.

A holder of an instrument in due course is one who took the instrument before it was overdue, in good faith and for value, and without knowledge of any infirmity in the instrument.

Section 52, Act 64 of 1904. (Negotiable Instruments Law.)

Spengler paid the W. H. Jones Investment Company, Inc., nothing for the note, and he knew when he took it that it was overdue and that Drouet had paid it. We quote as follows from counsel's brief:

"Mr. Spengler was the bona fide holder of the note from the Wade H. Jones Investment Company, whose claim, although satisfied, transferred the note to Spengler, which was in accordance with the agreement between the said Spengler and Drouet."

The W. H. Jones Investment Company, Inc., was the holder in due course of the note. The note was overdue and its claim had been satisfied, not by payment made to it by Spengler but by payment made by Drouet, the maker and obligor.

The payment of a negotiable instrument to the holder in due course discharges the instrument.

Section 119 of the Negotiable Instruments Law provides that:

"A negotiable instrument is discharged by payment in due course by or on behalf of the principal debtor."

The owner of the note placed it in the hands of attorneys for collection after maturity. Drouet with his own funds paid the attorneys the full amount due. The obligation was fully satisfied and the note from that moment ceased to have any legal existence.

Counsel for Spengler cites numerous authorities in support of his contention that the W. H. Jones Investment Company, Inc., being the holder in due course of the note in question, had a right to transfer it. The authorities would be in point if the note had been in fact transferred before payment, but the facts are that the transfer made by the W. H. Jones Investment Company, Inc., to Spengler, such as it was, was made after the note had been paid in full. Spengler had full knowledge of all the facts before he took the note.

Having reached the conclusion that the note was paid, it is not necessary to discuss the other points raised by counsel for Spengler.

The judgment appealed from is affirmed.